**Opinion filed December 9, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00257-CR

_____

## CARMEN DELEON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 20266B**

### M E M O R A N D U M   O P I N I O N

In 2017, Appellant, Carmen Deleon, pleaded guilty to the third-degree felony offense of injury to an elderly individual. Pursuant to the terms of the plea agreement, the trial court placed Appellant on deferred adjudication community supervision. Pursuant to a motion filed by the State in 2019, the trial court adjudicated Appellant's guilt, assessed her punishment at confinement for two years, suspended the sentence, and placed Appellant on community supervision for three years. In 2020, the State filed a motion to revoke Appellant's community

supervision. At a contested hearing on revocation, the trial court found that two of the State's allegations were true. The trial court then revoked Appellant's community supervision and imposed the original sentence of imprisonment for two years. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that there are no arguable issues for appeal. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, a copy of the record, and a form motion for access to the record. Counsel advised Appellant of her right to review the record and file a response to counsel's brief. Counsel also advised Appellant of her right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed a pro se response to counsel's *Anders* brief. In her response, Appellant states that she no longer wishes to pursue this appeal.

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. The record from the revocation hearing shows that, while on community supervision, Appellant committed the offense of assault and failed to timely notify her community supervision officer of a change of address—as alleged in the State's motion to revoke. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Furthermore, absent a void judgment,

issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

The motion to withdraw is granted, and the judgment of the trial court is affirmed.

PER CURIAM

December 9, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.